UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH BIENIEWICZ, on behalf of himself,
individually, and all similarly situated employees,

                Docket No.:

      Plaintiff,

  -against-                **COMPLAINT**

GOLD COAST PARKING MANAGEMENT, LLC,

      Defendant.
------------------------------------------------------------------------X

        Plaintiff, JOSEPH BIENIEWICZ, on behalf of himself, individually, and all other similarly situated persons, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendant, GOLD COAST PARKING MANAGEMENT, LLC, alleges as follows:

## NATURE OF THE CLAIM

        1.    Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), unpaid spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, unpaid wages stemming from Defendant's failure to pay Plaintiff wages for all hours worked at his agreed upon rates of pay under the NYLL, damages for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), damages for failure to provide a wage notice upon his hire under NYLL § 195(1), damages for violations of New York common law in the form of causes of action for unjust enrichment and quantum meruit, and any other claim(s) that can be inferred from the facts set forth herein.

        2.    Plaintiff brings this lawsuit against the Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA. Plaintiff brings his Second through Fifth Claims for Relief under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings his Second through Fifth Claims for Relief as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq.*, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6. At all relevant times, Plaintiff JOSEPH BIENIEWICZ ("Plaintiff" or "Bieniewicz") is a resident of the County of Suffolk, State of New York.

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8. At all relevant times, Defendant GOLD COAST PARKING MANAGEMENT, LLC ("Defendant" or "Gold Coast") is and was a domestic limited liability company with its principal place of business at 7 Oleander Lane, Center Moriches, New York 11934.

9. At all relevant times, Defendant Gold Coast was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of vehicles and equipment, much of which has been sourced from outside the country and the State or New York, as well as other tools, equipment, office supplies, paper, pens, and computers, all or much of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10. At all relevant times, Defendant Gold Coast was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

**FACTS**

11. Defendant is a company that handles valet parking for various events and venues at locations across long island, and has a central office located at 7 Oleander Lane, Center Moriches, New York 11934.

12. Plaintiff commenced his employment in or about June 2016 as a non-exempt valet, and was later promoted to Director of Operations, a non-exempt position he held until his employment ended on or about March 29, 2023.

13. Despite the otherwise prestigious title, Plaintiff had no executive authority, and he primarily performed the duties of a standard valet, parking and assisting venue guests with access to their vehicles. Plaintiff had no authority to hire or fire employees, had no input on hiring or

firing decisions, did not set rates of pay, and did not have any business responsibilities beyond some scheduling paperwork, which accounted for a *de minimis* amount of his time. Nearly all of his work time was spent performing the duties of a non-exempt, hourly paid valet.

14. Throughout his employment, for the period of May through September each year, Plaintiff was required to work, and did regularly work, six or seven days per week, for a total of approximately sixty hours per week, and sometimes more.

15. Throughout his employment, for the period of October through the following April, Plaintiff was required to work and did in fact work five or six days per week, working in excess of forty hours per week approximately one week per month.

16. Throughout his employment, the Defendant paid Plaintiff at a regular hourly rate for all hours worked, including those worked in excess of forty. However, during the final two years of his employment, Defendant agreed to provide Plaintiff an additional $200.00 per week stipend for handling the valet drivers' scheduling. However, there were several months where Defendant failed to compensate Plaintiff with this additional promised money each week for those hours worked.

17. Due to Defendant's practice of failing to compensate Plaintiff for certain hours worked at any rate of pay during several months within the statutory period, Defendant has deprived Plaintiff of compensation for many hours at his regular or agreed upon rate of pay during each such workweek, in violation of the NYLL and New York common law.

18. At no time throughout his employment did the Defendant compensate Plaintiff at his mandated overtime rate of one and one-half times his regular hourly rate of pay or the minimum wage, whichever is greater, for any of the hours that he worked in excess of forty each week, in violation of the FLSA and NYLL. Instead, throughout the applicable statutory period, Defendant

compensated Plaintiff for all hours worked at his straight-time, regular hourly rate of pay and, during certain months within the statutory period, failed to pay Plaintiff for certain hours worked at any rate of pay, in violation of the FLSA and NYLL.

19. Throughout his employment, and especially during the period of May through September each year, Plaintiff was required to work shifts that exceeded ten hours per day from its start to finish, including any breaks or split shifts, approximately two days per workweek. However, Defendant failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

20. Defendant failed to provide Plaintiff with a proper notice and acknowledgement of his wage rate upon his hire as required by NYLL § 195(1).

21. Defendant failed to provide Plaintiff with accurate wage statements indicating his correct wages earned, including, *inter alia*, regular rates of pay during many of his pay periods, his overtime rates of pay, correct number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, deductions, net pay, amount of tips received, and also omitted all compensation earned that was paid by cash and the employer's telephone number, for each pay period as required by NYLL § 195(3).

22. Defendant willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff at his correct overtime rate of pay, failing to pay Plaintiff at his agreed upon – or any – rates of pay for certain hours worked, failing to pay Plaintiff spread of hours compensation, and by paying Plaintiff his hours worked in excess of forty at his straight-time, regular rate of pay in cash to mask Defendant's intentional and unlawful failure to pay proper overtime compensation.

23. By failing to properly detail Plaintiff's hourly rate upon his hire, as well as his actual hours worked each workweek as required by NYLL §§ 195(1) and (3), Defendant caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid his overtime throughout his employment.

24. With no way to know how much he should have been making, Plaintiff worked for nearly seven years without discovering that he had been underpaid nearly every week.

25. Defendant treated and paid Plaintiff, FLSA Collective Action Plaintiffs and Class Members in the same or similar manner as part of their class-wide pay practices and policies.

26. Plaintiff, FLSA Collective Action Plaintiffs and Class Members suffered the same or similar harms caused by Defendant's class-wide pay practices and policies.

## COLLECTIVE ACTION ALLEGATIONS

27. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

28. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as his own interest in in bringing this action.

29. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendant as a valet and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

30. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendant.

### RULE 23 CLASS ACTION ALLEGATIONS
### NEW YORK STATE LABOR LAW

31. Plaintiff brings his Second through Fifth Claims for Relief under the New York Labor Law on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendant as a valet and/or in a similarly situated position in the State of New York at any time during the six (6) years prior to the filing of this Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

32. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 40 Class Members who have worked for Defendant in the State of New York at any time during the six (6) years prior to the filing of this Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names

and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

33. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendant, upon information and belief there are more than 40 individuals who are currently, or have been, employed by Defendant in covered positions constituting Class Members during the six (6) years prior to the filing of this Complaint.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

    b. Whether Defendant failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

    c. Whether Defendant failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

    d. Whether Defendant failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

    e. Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay and/or spread of hours pay was

      done willfully and/or with reckless disregard of the state wage and hour laws;

  f. Whether Defendant took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

  g. Whether Defendant failed to keep true and accurate time records for hours worked by Plaintiff and Class Members;

  h. Whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

  i. What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

  35. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of the Defendant. Defendant failed to pay Plaintiff and the Class Members overtime compensation under the NYLL during workweeks where they worked in excess of 40 hours. Defendant failed to pay Plaintiff and the Class Members spread of hours compensation of one additional hour at the applicable minimum wage rate for each workday where their shift exceeded ten hours from its start to its finish, in violation of the NYLL. Defendant failed to furnish Plaintiff and the Class Members with accurate wage statements in violation of NYLL § 195(3) or with wage notices at their times of hire in violation of NYLL § 195(1). Defendant's corporate-wide policies and practices affected all Plaintiff and Class Members similarly, and Defendant benefited from the

same type of unfair and/or wrongful acts as to Plaintiff and each Class Member. Additionally, Defendant's violations of the NYLL caused Plaintiff and the Class Members to suffer the same or similar harms.

36. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

37. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

39. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members,

establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

40. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

41. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

42. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

43. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

44. Defendant employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

45. Defendant's violations of the FLSA have been willful and intentional.

46. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

47. As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs of this action.

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

48. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

49. Defendant employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

50. By Defendant's failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours per week, Defendant violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

51. Defendant's violations of the NYLL have been willful and intentional.

52. Due to Defendant's violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendant

unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

53. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

54. Defendant failed to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day that their spread of hours exceeded ten in violation of the NYLL.

55. Defendant's failure to pay spread-of-hours compensation was willful and intentional.

56. For the foregoing reasons, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

57. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. Defendant failed to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name,

address and telephone number of the employer, and other information in their primary language – or at all – as required by NYLL § 195(1).

59. Due to Defendant's failure to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

### FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

60. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendant failed to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their regular rates of pay during many pay periods, their proper overtime rates of pay, number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, deductions, net pay, amount of tips received, and also omitted all compensation earned that was paid by cash and the employer's telephone number that is required, for each pay period as required by NYLL § 195(3).

62. Due to Defendant's failure to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## SIXTH CLAIM FOR RELIEF
## (FAILURE TO PAY WAGES DUE UNDER NEW YORK LABOR LAW)
## (ON BEHALF OF PLAINTIFF ONLY)

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

64. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

65. Defendant failed to compensate Plaintiff at his regular rate of pay for certain hours that he worked during several months within the statutory period in accordance with his agreed terms of employment.

66. Defendant's violations of the NYLL have been willful and intentional.

67. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover for all hours worked for Defendant but for which Defendant did not provide compensation at his regular rates of pay.

68. Due to Defendant's violations of the NYLL, Plaintiff is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendant's failure to pay wages in accordance with his agreed terms of employment.

## SEVENTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)
## (ON BEHALF OF PLAINTIFF ONLY)

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

70. Plaintiff performed work for the benefit of Defendant, at Defendant's behest, for which he received compensation through an hourly rate of pay and a stipend for certain hours

worked. However, Defendant failed to pay Plaintiff for certain hours worked at any rate of pay, thereby withholding wages due and owing to him.

71. Due to Defendant's conduct in violation of New York common law, Defendant was enriched at the expense of Plaintiff and it is against equity and good conscience to permit Defendant to retain what is sought to be recovered.

### EIGHTH CLAIM FOR RELIEF
### (QUANTUM MERUIT)
### (ON BEHALF OF PLAINTIFF ONLY)

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. Plaintiff performed valuable services for Defendant in good faith, at Defendant's behest, which were accepted by Defendant.

74. Plaintiff performed valuable services for Defendant with the expectation that he would be compensated for his work.

75. Plaintiff is entitled to the recovery of the reasonable value of the services that he provided to Defendant.

76. Based on the conduct alleged in this Complaint, Defendant was enriched at the expense of Plaintiff, and it is against equity and good conscience to permit Defendant to retain what is sought to be recovered.

77. Due to Defendant's conduct in violation of New York common law, Plaintiff is also entitled to costs of this action and interest as permitted by law.

### DEMAND FOR A JURY TRIAL

78. Plaintiff, Class Members, and FLSA Collective Action Plaintiffs demand a trial by jury on all causes of action in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendant from any retaliation against Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Awarding unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv. Awarding unpaid wages, including overtime compensation, spread of hours wages, and wages owed at Plaintiff's agreed upon rate of pay, pursuant to the NYLL and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

v. Awarding damages pursuant to NYLL §§ 195(1), (3), 198;

vi. Awarding damages for violations of New York common law;

vii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action

        by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

viii. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

ix. Awarding pre- and post-judgment interest as permitted by law;

x. Awarding attorneys' fees incurred in prosecuting this action;

xi. Awarding all costs and expenses incurred in prosecuting this action; and

xii. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       October 3, 2023

                              ROMERO LAW GROUP PLLC
                              *Attorneys for Plaintiff*
                              490 Wheeler Road, Suite 250
                              Hauppauge, New York 11788
                              Tel.: (631) 257-5588

By: _____
                              DAVID D. BARNHORN, ESQ.
                              PETER A. ROMERO, ESQ.